Sargent agt. Bennett.

---

## CITY COURT OF NEW YORK.

### SARGENT agt. BENNETT.

*Supplementary Proceedings — Police pension fund — Moneys received from such fund by a widow of a Policeman, cannot be reached by supplementary proceedings.*

Moneys received by the widow of a policeman from the police pension or insurance fund, cannot be reached by a judgment creditor on supplementary proceedings, instituted either before or after the money reaches her hands.

The police pension or insurance fund is in the nature of a trust, expressly authorized by statute for the benefit of widows and orphans, and as the funds proceed from persons other than the judgment debtor, and are intended for the support of the beneficiaries, they cannot be directed by means of this proceeding and turned over to creditors.

*Special Term, May, 1886.*

McADAM, *C. J.* — Moneys received by the widow of a policeman from the police pension or insurance fund (*Consolidation*

*Act, secs.* 303–309 ; *Laws* 1885, *chap.* 364), cannot be reached by a judgment creditor on supplementary proceedings, instituted either before or after the money reaches her hands. The exemption does not arise under the federal or state statute in regard to pension money paid by the government (*U. S. R. S.,* *sec.* 4747 ; *Code, sec.* 1393), but under the general statute providing that the income of a trust estate created by a person other than the beneficiary cannot be reached at law (3 *R. S.* [*6th ed.*], 190, *sec.* 55 ; 35 *N. Y.,* 361 ; 5 *Hun,* 425). The term estate, as used in the statute, includes personalty as well as realty. If such income be greater than is necessary for the support of the widow, the surplus can only be reached by a bill in equity where the issue is directly made upon the amount necessary for the debtor's support, but the title to such surplus cannot pass to a receiver in supplementary proceedings, and must be reached by bill filed by the creditor (31 *N. Y.,* 9 ; 70 *id.,* 270 ; 5 *Hun,* 425 ; 19 *id.,* 500).

The police pension or insurance fund is in the nature of a trust, expressly authorized by statute for the benefit of widows and orphans, and as the funds proceed from persons other than the judgment debtor, and are intended for the support of the beneficiaries, they cannot be directed by means of this proceeding and turned over to creditors. The defendant may, however, state the amount she receives from the fund, so that the court may intelligently determine whether, and to what extent, her other property or income is liable to these proceedings.

The parties must govern themselves accordingly.